**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000270
09-MAY-2022
08:21 AM
Dkt. 83 SO**

NO. CAAP-21-0000270

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

TF, Plaintiff-Appellee, v.
RD, Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 12-1-0495)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

Self-represented Defendant-Appellant RD **(Father)** appeals from the Family Court of the Second Circuit's February 25, 2021 "Order on Plaintiff's Motion to Delete Provision #4 or Modify Provision #4 in the Order on Defendant's Motion to Modify Divorce Decree and to Establish Paternity Filed February 26, 2015."[1]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Father's points of error as follows.

(1) Father argues that the Family Court abused its discretion by modifying the Custody Order based on his decision to live in Alaska.

---

[1] The Honorable Douglas J. Sameshima presided.

When the family court modifies a child custody order, the *single inquiry* focuses on the child's best interest. See Waldecker v. O'Scanlon, 137 Hawaiʻi 460, 470, 375 P.3d 239, 249 (2016). Hawaii Revised Statutes (**HRS**) § 571-46 (2018) empowers the court to modify or change a custody award "whenever the best interests of the child require or justify the modification or change . . . ." HRS § 571-46(a)(6) (2018). Furthermore, the statute provides a non-exhaustive list of factors to assist in the determination of what is in the best interest of the child.

Here, Father filed an ex parte motion to take minor child (**Child**) from Maui to Alaska from March 28, 2019 to April 2, 2019. He argued that travel was authorized under provision four of the Divorce Decree. Father declared that the ex parte order was necessary because Plaintiff-Appellee TF (**Mother**) was uncooperative in allowing Child to travel with him. The Family Court granted Father's ex parte motion on March 27, 2019.[2]

Mother declared that when Father was granted the ex parte motion, he "tricked Mother into believing he wanted visitation with the child, met Mother in Lahaina to pick up the child and made arrangements with Mother to meet her later in the day at Central Pacific Bank in Kahului so he could return the child to Mother . . . ." However, when Mother went to the bank to pick up Child, a process server served her with the ex parte order. Mother later learned that Father was taking Child to Alaska and was not allowed to speak to Child for the length of the trip. Mother stated that when Child returned home, "she was

---

[2] The Honorable Adrianne N. Heely presided.

2

emotionally and psychologically damaged and required intensive counseling."

Counselor Sonya Chambliss-Alexander, LCSW, **(Chambliss-Alexander)** with Maui Counseling Group, reported Child "suffered extensive harm from the trip," as evidenced by Child's "uncomfortable nature when discussing her father and in multiple counseling sessions where she reported a lack of trust with the father related to fear of being taken away again." Chambliss-Alexander believed it would be extremely harmful to Child's mental health and recommended that any off-island trip be planned in advance.

After reviewing the evidence, the Family Court modified provision four by requiring a mutual written agreement by the parents before any travel to prevent unplanned trips by Father that might negatively impact Child. The Family Court reasoned and concluded that this modification was in the best interest of Child. This conclusion was supported by the record and properly based on the statutory "best interest of the child" factors. See Waldecker, 137 Hawaiʻi at 466, 375 P.3d at 245 ("[T]he family court is given much leeway in its examination of the reports concerning a child's care, custody, and welfare, and its conclusions in this regard, if supported by the record and not clearly erroneous, must stand on appeal."); HRS § 571-46(a)(5) and (b) (2018).

(2) Father contends that the Family Court violated his constitutional right to move between Hawaiʻi and Alaska, and further contends that the Family Court erred by admitting evidence of the frequency of his visitation with Child.

Father, however, fails to provide any discernible argument and fails to cite to the record or legal authority to support these contentions.  Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7); In re Guardianship of Carlsmith, 113 Hawaiʻi 236, 246, 151 P.3d 717, 727 (2007) ("This court may disregard a particular contention if the appellant makes no discernible argument in support of that position") (citations, internal quotation marks, and brackets omitted).  Therefore, we deem these contentions waived.

For the foregoing reasons, we affirm the Family Court's February 25, 2021 "Order on Plaintiff's Motion to Delete Provision #4 or Modify Provision #4 in the Order on Defendant's Motion to Modify Divorce Decree and to Establish Paternity Filed February 26, 2015."

DATED:  Honolulu, Hawaiʻi, May 9, 2022.

On the briefs:

RD,
Defendant-Appellant, pro se.

Erin L. Lowenthal,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge